THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERICA MILLER, individually, and as guardian for minor child, I.M., <br><br> Plaintiff, <br><br> v. <br><br> MONROE SCHOOL DISTRICT, a political subdivision of the State of Washington, <br><br> Defendant. | CASE NO. C15-1323-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's Motion to Consolidate (Dkt. No. 2). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  BACKGROUND

This motion involves two actions pending before the Court: the present action, *Miller v. Monroe School District*, C15-1323 (Due Process Appeal) and a related civil lawsuit, *Miller v. Monroe School District et al.*, C14-1946 (Civil Suit). Both actions stem from the same conflict involving the treatment of minor Monroe School District student, I.M.  The factual background of this conflict has been thoroughly summarized by the Court in a prior order in the Civil Suit. (*See* C14-1946, Dkt. No. 16 at 2-6.)

ORDER
PAGE - 1

On October 3, 2014, I.M.'s mother and legal guardian, Erica Miller, filed a due process hearing request with the Office of Superintendent of Public Instruction (OSPI). (Dkt. No. 4, Ex. 3 at 3.) The issues before the Administrative Law Judge (ALJ) were: (1) whether the Monroe School District (District) violated the Individuals with Disabilities Education Act (IDEA) and denied I.M. a free appropriate public education (FAPE); (2) whether Dolan Academy (Dolan) was an appropriate placement for I.M.; and (3) whether Miller was entitled to her requested remedies. (Dkt. No. 4, Ex. 3 at 4, 9.) The requested remedies included reimbursement for the past year's tuition at Dolan; I.M.'s placement at Dolan at the District's expense; and compensatory education, including summer programs and specialized instruction. (Dkt. No. 4, Ex. 3 at 9.)

On December 23, 2014, while the due process proceeding was pending, Miller commenced her Civil Suit against the District and several other defendants she alleged were the District's employees and agents. (C14-1946, Dkt. No. 1 at 2-6.) Miller asserted the following causes of action: (1) violation of 42 U.S.C. § 1983 (Fourteenth Amendment); (2) violation of 42 U.S.C. § 1983 (Fourth Amendment); (3) violation of 42 U.S.C. § 1983 (Americans with Disabilities Act (ADA) and Rehabilitation Act); (4) disability discrimination in violation of the ADA and the Rehabilitation Act; (5) violation of the Washington Law Against Discrimination (WLAD); (6) retaliation in violation of the ADA, Rehabilitation Act, and WLAD; (7) outrage; (8) battery; (9) assault; and (10) negligence. (C14-1946, Dkt. No. 1 at 32-45.) Miller requested general damages for pain, suffering, emotional distress, and anguish and humiliation; special damages; punitive damages; and attorney fees and costs. (C14-1946, Dkt. No. 1 at 46.) Jury trial in the Civil Suit is set for March 14, 2016. (C14-1946, Dkt. No. 15.)

The due process hearing was held in March and April 2015. (Dkt. No. 4, Ex. 3 at 3.) The ALJ reviewed the parties' briefing, considered dozens of exhibits, and heard testimony from 17 witnesses. (Dkt. No. 4, Ex. 3 at 3-4.) The ALJ issued her decision on June 4, 2015. (Dkt. No. 4, Ex. 3 at 50.) She concluded that the District denied I.M. a FAPE at the first school he attended,

1  Chain Lake Elementary, but did not do so after I.M. transferred to Salem Woods Elementary.
2  (Dkt. No. 4, Ex. 3 at 49.) As a result, the ALJ concluded that neither reimbursement for private
3  placement nor prospective private placement was appropriate. (Dkt. No. 4, Ex. 3 at 49.)
4      Miller appealed the ALJ's decision on August 18, 2015. (Dkt. No. 1.) She subsequently
5  moved to consolidate the Due Process Appeal with the Civil Suit. (Dkt. No. 2.)

6  **II.   DISCUSSION**

7      If multiple actions before the Court involve a common question of law or fact, the Court
8  may consolidate the actions. Fed. R. Civ. P. 42(a)(2). The Court has substantial discretion in
9  determining whether to consolidate actions. *Inv'rs Research Co. v. U.S. Dist. Court for Cent.*
10 *Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). Once a common question of law or fact is identified,
11 the Court considers factors such as the interests of justice, expeditious results, conservation of
12 resources, avoiding inconsistent results, and the potential of prejudice. *See* 8 MOORE'S FEDERAL
13 PRACTICE – CIVIL § 42.10 at [4][a]-[5][d] (3d. ed. 1997).
14     Here, although the two actions arise from the same set of facts, they are procedurally
15 distinct, involve different fact-finders, and implicate different remedies.  In the Due Process
16 Appeal, this Court is the reviewing entity, and it is tasked with determining whether the ALJ
17 correctly rejected Miller's argument that the District violated the IDEA. The outcome of this
18 review affects whether I.M. is placed at Dolan at the District's expense. In the Civil Suit, the jury
19 is the reviewing entity, and it is tasked with determining whether the District committed several
20 constitutional, statutory, and tort violations involving I.M.'s education. The outcome of this
21 review affects whether I.M. is monetarily compensated for the alleged emotional toll of his
22 experience. Thus, there is no danger of inconsistent rulings, and neither court nor party resources
23 would be conserved if the actions were consolidated. The Court finds it unnecessary to
24 consolidate these two actions. The Court further finds that keeping the two actions separate
25 would serve the purposes of clarity and ease of administration.
26

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to consolidate (Dkt. No. 2) is DENIED.

DATED this 9 day of September 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4